UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO PULIDO COLMENERO,<br><br>Petitioner<br><br>v.<br><br>JAMES ROBERTSON, Warden,<br><br>Respondent. | Case No. CV ED 22-1215-DMG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative habeas petition ("Petition" [Doc. # 1]), all relevant documents filed and lodged in this action, the Report and Recommendation of United States Magistrate Judge ("Report" [Doc. # 20]), and Petitioner's Objections to the Report [Doc. # 21]. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which objections have been stated.

For the reasons stated below, Petitioner's Objections to the Report do not warrant any change to the Magistrate Judge's findings and recommendations. Petitioner objects, in relation to Grounds One and Five to Nine, that his right to participate in the selection of his defense was violated under *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). [Doc. # 21 at 3–4, 6–7.] In *McCoy*, the Supreme Court

"h[e]ld that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 138 S. Ct. at 1505. Petitioner argues that, under *McCoy*, his federal rights were violated when his defense counsel selected a defense of factual innocence (specifically, third-party culpability) rather than mental defect or insufficient evidence. [Doc. # 21 at 3–4, 6–7.] As the Report discussed, however, Petitioner has not demonstrated his federal rights were violated on this basis. Unlike the defense counsel in *McCoy*, Petitioner's defense counsel never conceded Petitioner's guilt. [Doc. # 20 at 16.] Moreover, unlike the record in *McCoy*, the record here contains "no indication that Petitioner voiced an opposition to the third-party culpability defense presented at trial." *Id*. Indeed, it appears that Petitioner wanted to "present a full-on-I-am-one-hundred-percent-innocent-of-this-crime defense at trial." [Doc. # 15-6 at 8.]

Petitioner objects, in relation to Ground Three, that his defense counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to present a mental health defense. [Doc. # 21 at 3, 6.] But as the Report found, Petitioner "fails to offer any evidence that a defense based on mental illness would have resulted in a more favorable outcome at trial." [Doc. # 20 at 19–20.] The record contains no opinion from a mental health expert or any other evidence suggesting that such a defense would have changed the outcome of the trial. Thus, Petitioner's claim that such a defense would have led to a different trial outcome is "speculative" and "insufficient to establish prejudice" under *Strickland*. *Gallegos v. Ryan*, 820 F.3d 1013, 1035 (9th Cir. 2016).

Petitioner objects, in relation to Ground Six, that his defense counsel failed to subject the prosecutor's case to meaningful adversarial testing under *United States v. Cronic*, 466 U.S. 648 (1984). [Doc. # 21 at 5.] As the Report discussed, however, Petitioner's claim is not supported by the record, which shows that defense counsel took several steps to challenge the prosecutor's case throughout the trial, particularly

1  with a defense of third-party culpability. [Doc. # 20 at 17; *see also* Doc. # 15-3 at
2  237–46, Doc. # 15-7 at 42–72, 77–78, 132–51, 158–59, 174–77, Doc. # 15-8 at 80–
3  97.] Petitioner objects, in relation to Ground Two, that the trial court violated his
4  federal rights by denying his motion for substitution of counsel, which Petitioner
5  had brought on the basis of an "irreconcilable conflict." [Doc. # 21 at 7.] As a
6  threshold matter, habeas relief is precluded for this claim because of the absence of
7  clearly established federal law. The Supreme Court "has never held that an
8  irreconcilable conflict with one's attorney constitutes a per se denial of the right to
9  effective counsel." *Carter v. Davis*, 946 F.3d 489, 508 (9th Cir. 2019) (*per curiam*).
10 Moreover, as discussed in the Report, Petitioner failed to show an irreconcilable
11 conflict with his defense counsel, rather than merely a dissatisfaction or
12 disagreement over trial tactics. [Doc. # 20 at 24.]

13       Petitioner objects, in relation to Ground Two, that due to a lack of
14 communication with defense counsel, Petitioner was unaware of a plea offer of 15
15 years to life. [Doc. # 21 at 7.] The record shows, to the contrary, that Petitioner was
16 aware of the plea offer and declined to accept it. [Doc. # 15-6 at 12.]

17       Petitioner objects that the trial court erred in failing to instruct the jury on the
18 lesser included offense of voluntary manslaughter. [Doc. # 21 at 8.] This claim is
19 not cognizable on federal habeas review because it fails to present a federal
20 question. *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) (*per curiam*).

21       Having completed its review, the Court accepts the findings and
22 recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that the
23 Petition is DENIED. Judgment shall be entered dismissing this action with
24 prejudice.
25 DATED: April 22, 2024
26                                                      DOLLY M. GEE
                                                     CHIEF UNITED STATES DISTRICT JUDGE
27
28